## LOUIS SCHNEIDER
vs.
## SADIE SCHNEIDER

Superior Court    New London County    File #10707

Present:  Hon. ALLYN L. BROWN, Judge.

George Gilman,         Attorney for the Plaintiff.

Clifford B. Wilson,         Attorney for the Defendant.

**MEMORANDUM FILED FEBRUARY 19, 1935.**

BROWN, J.  This is an action for divorce on the ground of adultery.  The defendant's answer admits the marriage on January 1, 1912; the plaintiff's three years continuous residence in this state next before the suit brought; and that there are no children by the marriage; but denies any misconduct on her part.  The plaintiff's evidence of adultery with the plaintiff's younger brother Abraham Schneider relates to three occasions; (1) in a bed room at the home of the parties in Passaic, New Jersey in December 1922; (2) in a hammock in June 1926 near the hotel built by the plaintiff at Fitchville, in this state; and (3) in a room of said hotel in July 1926.

The only evidence in support of any of these alleged acts, is the testimony of one Plum, a friend of the plaintiff, who says he personally witnessed the action on the first two occasions, and observed the defendant and Abraham enter a room of the hotel where they remained together for half an hour on the third; and the testimony of the plaintiff that when he charged the defendant with misconduct, she admitted it.  At the trial Abraham Schneider and the defendant both emphatically denied any such misconduct on their part, and the defendant further denied that she had ever admitted such to the plaintiff.

Upon this conflict of testimony, other facts in evidence are valuable and significant in determining whether the plaintiff has sustained his burden of proving this serious charge against his wife.  Among other such facts, these are undisputed upon the evidence; though Plum was a close friend and business associate of the plaintiff, and saw him every day or oftener during the greater part of the period from December

1922 until May 1933, he never mentioned the defendant's alleged misconduct during this eleven years interval; the plaintiff who lived continuously with the defendant during all of this time never suspected any such thing; Abraham Schneider continued to live with the parties until 1929 when he married and established a home of his own; the plaintiff never mentioned the subject to his brother Abraham; Plum first told the plaintiff of it in May 1933 when he chanced to meet him on the street in Passaic, the parties having moved to Fitchville to reside several years before; the plaintiff then spoke to the defendant about it, and stated that he would not live with her any more, but that if she would go away and leave him, he would pay her $50. per month, which was done; that this action for divorce was not instituted until August 7, 1934; that for many months prior to May 1933 the plaintiff, notwithstanding the defendant's objections, had been much in the company of a young woman named Kitty Roy, driving her repeatedly in his car to Colchester, Norwich and New York City; that from the time the defendant left him until the date of trial, the plaintiff had lived as a member of the household of Kitty Roy at her home in Fitchville; and that the plaintiff is 49, the defendant 43, and Kitty Roy 25 years of age.

In the light of these facts, and others found but not recited, which are in dispute, I conclude that the plaintiff had failed to sustain his burden of proving any misconduct on the defendant's part as alleged in the complaint.

The plaintiff's petition for a divorce is denied.